UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:

BRUCE W. BOCKELMANN AND JOAN L. BOCKELMANN

    Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY

    Defendant.
_____/

**<u>DEFENDANT, USAA CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, WEST PALM BEACH DIVISION</u>**

COMES NOW, Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter "USAA CIC"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446(b)(3), and hereby files this Notice of Removal of Civil Action pursuant to 28. U.S.C. § 1441, and 28 U.S.C.A. § 1332, to remove to the United States District Court, Southern District of Florida, West Palm Beach Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida (the "State Court"), Case No. 50-2020-CA-005655-XXXXMB, and styled *BRUCE W. BOCKELMANN and JOAN BOCKELMANN vs. USAA CASUALTY INSURANCE COMPANY*. In support of this Notice of Removal of Civil Action, USAA CIC states the following:

Case 9:21-cv-81972-XXXX   Document 1   Entered on FLSD Docket 10/25/2021   Page 2 of 9

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                              Case No.:

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

1. PLAINTIFFS filed a single count Complaint for Breach of Contract against USAA CIC in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2020-CA-005655-XXXXMB seeking payment for a homeowners' insurance claim.

2. PLAINTIFFS have alleged they suffered a covered loss as a result of an alleged plumbing leak and USAA CIC failed to pay sufficient funds to Plaintiffs to restore the risk property to its pre-loss condition. *See Plaintiffs' Complaint attached hereto as* ***Exhibit A***.

3. Prior to filing the instant action, PLAINTIFFS reported to USAA CIC that the subject property had sustained damage as a result of a cast-iron plumbing leak at the subject property. *See Affidavit of USAA CIC Corporate Representative attached hereto as* ***Exhibit B***.

4. USAA investigated the claim and determined the subject property had not sustained a covered loss/damage. *See **Exhibit B** ¶ 6*.

5. Thereafter, Plaintiffs filed the instant action alleging the subject property suffered a loss causing substantial damage to same with costs to replace or repair the alleged loss being in excess of $30,000.00. *See **Exhibit A***.

6. After responding to Plaintiffs' Complaint, USAA CIC propounded discovery seeking estimates of damages at the subject property. Plaintiffs responded to same providing an estimate of property damages for accessing the cast-iron plumbing system located underneath the property's slab totaling $37,550.00, from Arko Plumbing Corp ("Arko"). *See Plaintiffs' Response to Request for Production attached hereto as* ***Exhibit C*** *and Arko Plumbing Corp. Estimate of Damages attached hereto as* ***Exhibit D***.

Case 9:21-cv-81972-XXXX   Document 1   Entered on FLSD Docket 10/25/2021   Page 3 of 9

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                                   Case No.:

7. On or about October 1, 2021, Plaintiffs provided an estimate from Plaintiffs' damages expert, Allied Engineering, LLC ("Allied"). The Allied Estimate, dated May 7, 2021, but not provided until October 1, 2021, totaled **$120,554.61** to repair and restore the property to its pre-loss condition after accessing the cast-iron plumbing system located beneath the concrete slab of the subject property. *See Allied Engineering, LLC, Estimate attached hereto as **Exhibit E***.

8. Thus, in reviewing the Allied Estimate alone, it is clear Plaintiffs are seeking damages of at least **$120,554.61** for repair of the property and restoring same to its pre-loss condition after accessing the subject property's cast-iron plumbing system. Further, in reviewing the Allied estimate in combination with the Arko estimate, it is also clear Plaintiffs are seeking *See **Exhibits C, D, and E***.

9. Within thirty (30) days of receiving the Allied Estimate, USAA filed its Notice of Removal of the State Court action. *See State Court Notice of Removal attached hereto as **Exhibit F***.

10. Pursuant to 28 U.S.C. § 1446(a) and the Local Rules, a copy of all process, pleadings, and orders on file in the case are attached hereto as ***Composite Exhibit G*** and delineated as follows:

    i. Summons.
    ii. Notice of Service of Process.
    iii. Complaint.
    iv. Agreed Order on Defendant's Motion for Extension of Time Defendant's Answer and Affirmative Defenses.
    v. Defendant's Answer and Affirmative Defenses.
    vi. Order Granting Plaintiffs' Motion to Compel Stage I Deposition of Defendant's Corporate Representative.
    vii. Order Granting Defendant's Motion for Protective Order, in part.
    viii. Order Setting Hearing on Plaintiffs' Motion to Confirm Scope of Discovery.
    ix. Order on Plaintiff's Motion to Confirm Scope of Discovery.
    x. Order on Defendant's Motion for Appointment of Special Magistrate.

Case 9:21-cv-81972-XXXX   Document 1   Entered on FLSD Docket 10/25/2021   Page 4 of 9

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                    Case No.:

    xi. Order on Defendant's Motion for Protective Order Relative to Stage Two Deposition of Defendant's Corporate Representative.

    xii. Order on Plaintiff's Motion for Court to Confirm Scope of Discovery for Stage I Deposition of Defendant's Corporate Representative; Renewed Motion for Protective Order; Motion for Sanctions and Request for Appointment of Special Set Master.

    xiii. Order on Defendant's Motion to Compel Deposition of Plaintiffs' Expert.

    xiv. Order Setting Jury Trial.

    xv. Order on Plaintiffs' Motion to Compel Defendant to Identify Documents in Underwriting File.

    xvi. Order Setting Special Set Hearing on Plaintiffs' Motion to Compel Discovery as Condition Precedent to Evidentiary Hearing (May 12, 2021, Order).

    xvii. Order Setting Special Set Hearing on Plaintiffs' Motion to Compel Discovery as Condition Precedent to Evidentiary Hearing (May 17, 2021, Order).

    xviii. Order Setting Lengthy Hearing on for Calendar Call on Non-Jury Docket.

    xix. Order on Plaintiffs' Motion to Compel Certified Copy of Insured Policy.

    xx. Order Resetting Special Set Hearing.

    xxi. Order on Plaintiffs' Motion to Compel Discovery as Condition Precedent to Evidentiary Hearing on Plaintiffs' Motion to Strike Defendant's Pleadings for Fraud on the Court.

    xxii. Order denying Plaintiffs' Motion to Compel Defendant's Expert Plumber's Deposition.

    xxiii. Order Setting Hearing on Plaintiffs' Motion to Strike Defendant's Pleadings for Fraud on the Court.

    xxiv. Order Setting Hearing on Plaintiffs' Motion to Strike (continued).

    xxv. Order Setting Special Set Hearing on Defendant's Motion for Summary Judgment.

    xxvi. Order Denying Plaintiffs' Motion to Strike Defendant's Pleadings for Fraud on the Court and Order Denying Defendant's Motion to Strike Plaintiffs' Pleadings for Fraud on the Court.

    xxvii. Order Setting Special Set Hearing on Defendant's Motion for Sanctions.

    xxviii. Order on Defendant's Motion for Sanctions.

## II. **STANDARD OF REVIEW**

11. Where there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed from State Court.

12. As such, this State Court action may be removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

Case 9:21-cv-81972-XXXX   Document 1   Entered on FLSD Docket 10/25/2021   Page 5 of 9

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                                   Case No.:

13. 28 U.S.C. § 1441 (a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

14. 28 U.S.C. § 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between—
>
> (1) Citizens of different States;

15. Subsection (c) of 28 U.S.C. § 1332 provides:

> (c) For the purposes of this section and section 1441 of this title --
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…

16. 28 U.S.C. 1446(b) provides, in relevant part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> ***
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed **within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable.
> (Emphasis added).

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                                   Case No.:

### III.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

17. Upon information and belief, including review of PLAINTIFFS' Complaint filed in the State Court action, Plaintiffs are residents of Palm Beach County, Florida, specifically, Boynton Beach, Florida. *See **Exhibit A**, ¶ 4*.

18. Florida Statutes § 196.012(17) defines permanent residence as "place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time…"

19. Although residency may not be the equivalent of citizenship for diversity purposes, state citizenship or domicile for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain. *See Jones v. Law Firm of Hill and Ponton,* 141 F.Supp.2d 1349, 1355 (M.D. Fla. 2001) (citing *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). There is a presumption that the state in which a person resides at any given time is also that person's domicile. *Jones*, 141 F. Supp. At 1355 (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Furthermore, once an individual has established a domicile, he/she remains a citizen there until he/she satisfies the mental and physical requirements of domicile in a new state. *Id*. at 1355 (citing *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). In the instant matter, it is anticipated PLAINTIFFs will not file anything to rebut such a presumption.

20. PLAINTIFFS' Complaint fails to include any allegations as to the specific citizenship of USAA CIC, or the location of its principal place of business. *See Exhibit A*.

21. However, the allegations of diversity are not required to exist in the Complaint. This Court may consider other filings, in addition to the PLAINTIFFS' Complaint to

6

Case 9:21-cv-81972-XXXX   Document 1   Entered on FLSD Docket 10/25/2021   Page 7 of 9

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                    Case No.:

determine USAA CIC's citizenship. *Huchon v. Jankowski*, 2007 WL 221421 at *2 (S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE) (citing *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982).

22. Pursuant to 28 U.S.C. § 1332 (c)(1), a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.

23. At all material times hereto, USAA CIC was and is a foreign corporation, incorporated in Texas, with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288. *See **Exhibit B** ¶ 3-4*.

24. Therefore, USAA CIC "resides" in Texas, and for purposes of diversity jurisdiction, USAA CIC, could only be considered a citizen of Texas, not Florida.

25. There are no allegations in PLAINTIFFS' Complaint or elsewhere that PLAINTIFFS are a citizen of Texas.

26. As such, there is complete diversity of citizenship between the parties.

**IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

27. PLAINTIFFS have stated the amount in controversy both exceeds the State Circuit Court's minimum jurisdictional amount in controversy as well as losses/damages in excess of $75,000.00. *See **Exhibit A, Exhibit C, Exhibit D** and **Exhibit E***.

28. Based on the damages estimate PLAINTIFFS provided in response to USAA CIC's Request for Production, PLAINTIFFS are seeking to recover in excess of $75,000.00, exclusive of attorney fees and other damages. *See **Exhibit B**.*

29. As such, the amount sought by PLAINTIFF from USAA CIC exceeds the monetary threshold of $75,000.00. *See **Exhibits A, B, C, D** and **E***. *See also Juan Diego Cardenas*

Case 9:21-cv-81972-XXXX Document 1 Entered on FLSD Docket 10/25/2021 Page 8 of 9

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                               Case No.:

*DDS, Inc. v. Colony Specialty Ins. Co.*, 14-22957-Civ-Scola, 2015 U.S. Dist. LEXIS 184620 (S.D. Fla. Feb. 12, 2015); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547. 554, 190 L. Ed. 2d 495 (2014) (citing 28 U.S. C. § 1446(a)) ("[A] defendant's notice of removal need include[s] only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## V. REMOVAL TO FEDERAL COURT IS TIMELY

30. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within thirty (30) days of October 1, 2021, the date upon which the Defendant, USAA CIC, received Plaintiffs' estimate from Allied, as well as an estimate from Arko, which demonstrates an amount in controversy exceeding $75,000.00.

31. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on Plaintiffs' counsel, and a Notice of Filing Notice of Removal to the United States District Court, is being filed contemporaneously with the Clerk of the Circuit Court in and for Palm Beach County, Florida.

32. Further, Plaintiffs filed the Complaint in Palm Beach County Circuit Court based on the location of the Property, and therefore venue is proper in this district and division pursuant to 28 U.S.C. Section 1441. ***See Composite Exhibit G.***

33. There has been no waiver by Defendant of any rights to remove this cause to the Federal Court.

34. The undersigned counsel are attorneys of record for the Defendant and have been specifically authorized to act on behalf of the Defendant in seeking removal of this cause to the Federal Court.

Bockelmann, Bruce and Joan vs. USAA Casualty Insurance Company                                                  Case No.:

**WHEREFORE**, Defendant, USAA CASUALTY INSURANCE COMPANY, respectfully requests that this Court enter of an Order removing this cause from the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida to the United States Court, Southern District of Florida, West Palm Beach Division, and further requests enjoining prosecution by Plaintiffs in the State Court action and further direction that the State Court action shall proceed no further unless further Order of Remand is issued by this Court.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice has been furnished electronically this 25th day of October, 2021, to: Michael C. Knecht, Esquire, Knecht Law Group, 658 W. Indiantown Rd., Ste. 211, Jupiter, FL 33458; mck@mikeknecht.com; susan@mikeknecht.com; Christopher Keller, Esquire, Keller, Melchiorre & Walsh, PLLC, 3900 Military Trail, Ste. 600, Jupiter, FL 33458;Chris@kmwlegal.com; pleadings@kmwlegal.com., Frank R. Rodriguez, Esq., Rodriguez Tramont & Nunez, P.A, 255 Alhambra Circle, Suite 1150, Coral Gables, FL  33134, frr@rtgn-law.com

VERNIS & BOWLING OF PALM BEACH, P.A.
618 U.S. Highway One
North Palm Beach, Florida 33408
Telephone: (561) 775-9822
Fax: (561) 775-9821
Attorney for Defendant, *USAA Casualty Insurance Company*

By: */s/ Lauren Maione-Walsh*
    Lauren Maione-Walsh, Esq.
    Florida Bar No.: 0072122
    Corey Zaron, Esq.
    Florida Bar No.: 1019144
    LWalsh@florida-law.com
    PBFiling@florida-law.com
    CZaron@florida-law.com