Filing # 107850303 E-Filed 05/22/2020 11:16:28 AM

CIRCUIT COURT - 15TH JUDICIAL CIRCUIT - PALM BEACH COUNTY, FLORIDA

CASE NO:

Bruce and Joan Bockelmann,

    Plaintiffs,

vs.

USAA Casualty Insurance Company,

    Defendant.

_____/

## COMPLAINT

Plaintiff(s) ("plaintiff") sues defendant and states:

### GENERAL ALLEGATIONS

1. This is an action for breach of contract.

2. This action exceeds the jurisdictional limits of this court.

3. All allegations are at all times material hereto unless otherwise stated.

4. Plaintiff resides, and defendant is doing business, in this circuit.

5. Venue is proper in this court.

    **A. Policy.**

6. Defendant insured plaintiff's property as follows:

    a. Address: 14 Slash Pine Drive, Boynton Beach, Florida 33436 ("dwelling").

    b. Policy No: CIC 004174362 96A or otherwise ("policy").

EXHIBIT A

0901119ca8ebc832    USAA Confidential

7. This is an "all risk" policy.[1]

8. Policy produced by defendant is attach (Exhibit 1).[2]

9. Defendant's claim number is: 004174362-029

### B. Cast Iron Pipe Plumbing System.

10. Plaintiff's dwelling has a cast iron pipe plumbing system ("plumbing system").

11. Plumbing system is <u>under</u> the dwelling concrete floor slab ("concrete floor").

12. Dwelling living space rests <u>on</u> concrete floor–e.g., bedrooms, bathrooms, kitchen, living room, dining room, laundry room, etc.

13. Each drain is connected to the plumbing system–e.g., toilet, shower, bathtub, bathroom and kitchen sinks, dishwasher and washing machine.

14. Plumbing system is encased in the backfill under the concrete floor.

15. Plumbing system has failed–e.g., the pipes discharge water under the floor slab and into the backfill when a toilet is flushed or someone turns on water in the home.

---

[1]"Special form policies (HO-3) cover the structure for all perils except those specifically excluded in the policy." See https://www.myfloridacfo.com/Division/Consumers/Understanding Coverage/HomeownersInsuranceOverview.htm; and Fayad v. Clarendon Nat. Ins. Co., 899 So.2d 1082, 1085 (Fla. 2005)("Unless [all-risk] policy expressly excludes the loss from coverage, this type of policy provides coverage for all fortuitous loss or damage other than that resulting from willful misconduct or fraudulent acts.").

[2]Policy for <u>each</u> policy period is in the exclusive control of the defendant.

0901119ca8ebc832   USAA Confidential

C. **Structural Backfill.**

16. Plaintiff's structural backfill is used to (a) support plaintiff's concrete floor; and (b) encase and support plaintiff's (i) plumbing system and (ii) pressurized water lines ("backfill").

17. As a result, one component of the backfill is structural.

D. **Loss.**

18. Defendant's date of loss is: January 1, 2020.

19. Failed plumbing system has caused direct physical loss during policy.

20. Plaintiff must tear-out (a/k/a trench) portions of the concrete floor to gain access to (a) backfill; (b) failed plumbing system; (c) plumbing drains; (d) pressurized water lines; and (e) any resulting water, fungi, mold or bacteria ("tear out").

21. Everything in the path of the tear-out must be replaced whether kitchen, bathrooms, floors, baseboards or otherwise ("post tear-out replacement").

22. As a result, the loss includes (a) water damage; (b) concrete floor; (c) backfill and displacement; (d) tear out; (e) post tear out replacement; (f) cost to prevent further loss to covered property; (g) loss of use; and (h) all resulting loss not expressly excluded under the policy ("loss").

23. Failed plumbing system will cause further loss until it is replaced.

0901119ca8ebc832

USAA Confidential

### E. Inspection.

24. Plaintiff notified defendant of the plumbing problem (Exhibit 2).

25. Defendant inspected dwelling to determine extent of (a) loss and (b) coverage.

26. Defendant knew the following when it inspected plaintiff's dwelling:

    a. Year dwelling was built was: 1972.

    b. Dwelling has a cast iron pipe plumbing system.

    c. Age of the plumbing system was: 48 years.

    d. Plumbing system was likely leaking water under the concrete floor.

    e. Plumbing system likely needed to be torn out and replaced in order to prevent further loss and damage to covered property.

27. Plaintiff relied on defendant to help them understand the extent of their loss, damage and coverage due to their special relationship–e.g., insurer and insured.

28. After defendant inspected the dwelling and reviewed the policy (Exhibit 2):

    a. Defendant determined no loss or damage.

    b. Defendant determined no coverage.

    c. Defendant paid zero.

### F. Coverage.

29. Policy does not expressly exclude coverage for (a) water damage; (b) concrete floor; (c) backfill and displacement; (d) tear out; (e) access to water, fungi, mold or bacteria; (f) post tear out replacement; (g) cost to prevent further loss; (h) loss of use; and (i) all resulting loss from failed plumbing system.

0901119ca8ebc832                               USAA Confidential

30. As a result, policy provides coverage for (a) water damage; (b) concrete floor; (c) structural backfill and displacement; (d) tear out; (e) access to water, fungi, mold or bacteria; (f) post tear out replacement; (g) cost to prevent further loss; (h) loss of use; and (i) all resulting loss not expressly excluded.

31. Defendant denied loss, damage and coverage (Exhibit 2).

32. Plaintiff retained counsel to protect their rights under the policy.

33. Plaintiff is responsible for all reasonable attorney's fees and costs.

34. All conditions precedent to filing this action have been satisfied or waived.

## COUNT I:
## BREACH OF CONTRACT

35. Allegations 1 through 34 above are adopted and incorporated herein.

36. The parties had a valid contract–i.e., policy.

37. Defendant materially breached the contract–e.g., defendant had duty to provide coverage, timely pay plaintiff's loss and failed to do so.

38. As a result, plaintiff has suffered the above losses.

**WHEREFORE**, plaintiff(s) demand (a) judgment against defendant for all loss and damage pled herein; (b) these losses are ongoing and will continue in the future; (c) pre and post judgment interest on overdue payments; (d) additional living expenses; (e) loss of use; and (f) attorney's fees and costs pursuant to §§627.428 (attorney's fees), 57.041 (costs) and 92.231 (expert witness fees), Florida Statutes, or otherwise. Plaintiffs demand trial by jury and reserve the right to amend this pleading.

0901119ca8ebc832

USAA Confidential

DATE:  05.22.2020

s/ Michael C. Knecht
Michael C. Knecht, Esq.
Knecht Law Group
Law Center at Park Plaza
658 W. Indiantown Road, Suite 211
Jupiter, Florida 33458
Phone: 561-745-2110
Email: mck@mikeknecht.com
susan@mikeknecht.com
Florida Bar No: 475815
Counsel for Plaintiffs

0901119ca8ebc832   USAA Confidential